**MINUTE ENTRY**
**ROBY, M. J.**
**March 5, 2008**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PNC BANK, NATIONAL ASSOCIATION** | **CIVIL ACTION** |
| **VERSUS** | **NO:    07-09052** |
| **MBS REALTY INVESTORS, LTD., ET AL.** | **SECTION: "J" (4)** |

### ORDER

Before the Court is a **Motion to Quash Depositions (R. Doc. 24)**, filed by the Defendants, requesting the Court to quash the depositions noticed by the Plaintiff, PNC Bank, National Association ("PNC Bank") for February 12, 2008. In response, PNC Bank filed a Memorandum in Opposition to Defendants' Motion to Quash Depositions (R. Doc. 26).

The motion was heard with oral arguments on March 5, 2008. On the day and time of the hearing, Richard A. Aguilar appeared on behalf of PNC Bank and Anthony D'Alto, II appeared on behalf of the Defendants.

**I.    Background**

On April 29, 2005, the Defendants executed a Revolving Note payable to PNC Bank in the principal amount of $12,500,000. (R. Doc. 1.) PNC Bank and the Defendants also entered into a

> **MJSTAR:  00:08**

Credit Agreement, which required the Defendants to repay the principal amount and periodically pay accrued interest on the Revolving Note by a set termination date of November 12, 2007. (R. Doc. 1.) In the Guaranty for the loan, the Defendants unconditionally guaranteed punctual payment of the principal and interest when due. (R. Doc. 1.)

The Defendants also executed a Pledge Agreement on August 14, 2006, in which the Defendants gave PNC Bank a security interest of their right, title, and interest to investment property and other assets, including shares of stock of two of the Defendants' financial entities. (R. Doc. 1.) The Pledge Agreement also provided for an acceleration of the obligations due and payable in the event of the Defendants' default. (R. Doc. 1.)

PNC Bank alleges that the Defendants defaulted on the Revolving Note, Credit Agreement, Guaranty, and Pledge Agreement because the Defendants failed to make interest payments and to repay the total amount due on the termination date. (R. Doc. 1.) PNC Bank brings the subject action because of the Defendants' default.

PNC Bank maintains that the parties scheduled a meeting on January 31, 2008 at the behest of the Defendants, however, the Defendants cancelled on the day before of the meeting. (R. Doc. 26-2, Ex. A.) Due to the cancellation of the meeting and PNC Bank's need for discovery, PNC Bank sought to depose the Defendants to seek the information concerning the Defendants' defense to PNC Bank's claims. Therefore, on January 30, 2008, PNC Bank noticed depositions for two of the Defendants, Michael B. Smuck and Carol A. Smuck for February 12, 2008. (R. Doc. 26-2, Ex. A.) PNC Bank included a letter from its counsel to the notices, indicating that if the Defendants were not available for deposition on that day, PNC Bank could reschedule the depositions. (R. Doc. 26-2, Ex. A.) However, rather than contact PNC Bank or its counsel, the Defendants filed the subject

motion, seeking intervention from the Court to quash the noticed depositions. It is from these circumstances which the subject motion arises.

## II. Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials. *Hebert v. Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor,* 329 U.S. 495, 507 (1947)). Further, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross,* 23 F.3d 1091, 1096 (6th Cir.1994).

Rule 30 governs the taking of depositions and permits a party to "take the testimony of any person, including a party, by deposition upon oral examination." Depositions play "a vital role in the preparation for trial." *Dollar v. Long Mfg., N.C., Inc.,* 561 F.2d 613, 616 (5th Cir. 1977). Furthermore, courts regard oral depositions as a means preferable to written interrogatories of obtaining discoverable information. *In re Subpoena Issued to Dennis Friedman,* 350 F.3d 65, 69 n. 2 (2d Cir. 2003). Under Rule 30, "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1).

However, under Rule 26(b)(2)(c), discovery may be limited if (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought, or (3) the burden or expense of the proposed discovery outweighs its

likely benefit. In assessing whether the burden of the discovery and outweighs the benefit, a court must account for (1) the needs of the case, (2) the amount in controversy, (3) the parties' resources, (4) the importance of the issues at stake in the litigation, and (5) the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(c).

### III.  Analysis

In support of their motion, the Defendants argue that their counsel is not available on the date unilaterally noticed by PNC Bank for the two depositions and that counsel for the Defendants was not consulted about availabilities in selecting the noticed time and date. Furthermore, the Defendants assert that PNC Bank has filed a motion for summary judgment, therefore additional discovery is not necessary at the present time. Accordingly, the Defendants seek to quash the depositions.

At the hearing, the Defendants informed the Court that there is a separate but interrelated dispute currently pending before United States District Judge Jay C. Zainey ("Judge Zainey") that might entitle them to insurance proceeds. They conceded that while they do not dispute that they owe PNC Bank money in the subject lawsuit, their financial situation after Hurricane Katrina is dire and they originally hoped that they could first resolve the matter before Judge Zainey before proceeding with the subject matter. Consequently, the Defendants seek to quash the depositions so as to minimize discovery costs in light of the pending motion for summary judgment.

In opposition, PNC Bank contends that it is entitled to take the depositions of the Defendants. It asserts that the Defendants failed to assert a basis for quashing the depositions that is recognized under the Rules. Furthermore, PNC Bank argues that though it filed a motion for summary judgment, there is no law that indicates that discovery is stayed while a motion for summary

judgment is pending. PNC Bank also contends that even if the Defendants prevailed on their related matter before Judge Zainey, there is no guarantee that PNC Bank will receive the funds that it is entitled to under this action. PNC Bank additionally points to Rule 69(a)(2) to stand for the proposition that a judgment creditor may obtain discovery after judgment in the case. Accordingly, PNC Bank requests that the Court assist in the scheduling of depositions so that the case may proceed forward.

PNC also asserts that while it did not consult with the Defendants prior to noticing the depositions, it did indicate that it was willing to reschedule based on the parties' availabilities in a letter attached to the deposition notices. Finally, PNC Bank maintains that the Defendants did not confer with PNC Bank in an attempt to resolve their discovery dispute regarding the scheduling of depositions before seeking the Court's intervention, and therefore the Defendants' motion is procedurally defective.

Here, while the Defendants request that PNC Bank's depositions be quashed, but the Defendants have not asserted any legitimate grounds for doing so. The Defendants do not allege that the depositions are unreasonably cumulative or duplicative, or request information obtainable from a more convenient or less expensive source. Neither do the Defendants assert that PNC Bank had ample opportunity to obtain the information sought, or that the burden or expense of depositions outweighs its likely benefit. Therefore, the Defendants have not proven that the depositions should be quashed. Rather, the only grounds which the Defendants advance for quashing the depositions is that such an order would allow them to save on discovery expenses. The Court will not preclude PNC Bank from deposing critical witnesses in the case to shield the Defendants from incurring standard discovery costs associated with litigation, especially where the Defendants have effectively

admitted liability.  Accordingly, the Court denies the Defendants motion to quash the depositions.

At the hearing on the motion, the Court ordered the parties to reschedule the depositions at a mutually-agreeable time.  After conferring with their clients by telephone, counsel for both parties informed the Court that the requested depositions could occur on Thursday, April 3, 2008 at 9:00 a.m. at the offices of Defendants' counsel.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Defendants' **Motion to Quash Depositions (R. Doc. 24) is DENIED**.

**IT IS FURTHER ORDERED** that the Defendants, Michael B. Smuck and Carol A. Smuck, submit to depositions rescheduled for **Thursday, April 3, 2008, at 9:00 a.m.** at the office of Fowler Rodriguez Valedes-Fauli, located at Texaco Center, 400 Poydras Street, 30th Floor, New Orleans, Louisiana.

New Orleans, Louisiana, this  7th  day of March 2008

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**